UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRANDI RHODES, individually and BRANDI
RHODES d/b/a/ WOMEN'S WORKOUT WORLD,

                            Plaintiff,

   -against-                                    1:05-CV-0569
                                                          (LEK/RFT)

THE TOWN OF KINGSTON, THE TOWN OF
KINGSTON BUILDING DEPARTMENT, and
KARL SCHEURZINGER, Building Inspector,
in his official capacity,

                            Defendants.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

Plaintiff Brandi Rhodes, individually and Plaintiff Women's Workout World ("Rhodes" and "WWW" respectively or "Plaintiffs" collectively) brought suit against Defendants Town of Kingston, Town of Kingston Building Department, and Karl Scheurzinger, Kingston Building Inspector, in his official capacity ("Scheurzinger"), asserting a violation of Rhodes' constitutional rights for equal protection under the law. Complaint (Dkt. No. 1) at ¶ 1. Currently before the Court is a Motion, filed by Defendants, seeking summary judgment. Motion (Dkt. No. 21). Plaintiffs did not file any papers in opposition to this Motion.

---

[1] For printed publication by the Federal Reporters.

## II. Discussion

A.     Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits…show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In evaluating a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999).

B.     Background Facts

This case concerns a building that Rhodes, with her husband and parents, purchased in late 2001 in Kingston, New York. The former owner, Eugene Scheffer ("Scheffer"), had operated an automobile repair and service business in the back of the building. Rhodes originally intended to open a bar or tavern in the building, but later decided to open a fitness establishment for women known as "Women's Workout World." Complaint (Dkt. No. 1) at ¶8.

Defendant Scheurzinger required Rhodes to submit an application for a business permit, prior to opening "Women's Workout World." Id. at 10. He also required her to submit floor plans drawn by an architect. Id. at 11. Rhodes opened her business on May 11, 2002, without having submitted plans prepared by an engineer or a completed business permit and without a proper certificate of occupancy. Defts' Statement of Mat. Facts. (Dkt. No. 7, Attach. 1) at ¶¶ 20-21, 25.[2] When Rhodes opened her business, Scheurzinger, accompanied by two patrol cars, issued her a notice of violation for opening without a proper certificate of occupancy, in violation of local codes.

---

[2] Since Plaintiff did not file any papers in response to Defendant's Statement of Material Facts, the facts contained in that statement are deemed admitted. N.D.N.Y.L.R. 7.1(a)(3).

2

Complaint (Dkt. No. 1) at 12. Scheurzinger also identified several violations of New York's fire safety code on the WWW premises and required these violations to be remedied before issuing Rhodes a certificate of occupancy for the building. Id. at 13. Scheurzinger had visited the premises prior to the sale to Plaintiffs and had issued a certificate of occupancy to the former owner, Scheffer, although several of the fire code violations were in present at that time. Id. at 16-17. Thereafter, Plaintiffs complied with Defendants' requirements and hired a licensed engineer to prepare plans. Deft's Mem. of Law. (Dkt. No. 7, Attach.1) at ¶ 4. Rhodes was then issued a building permit on December 24, 2002, and a Certificate of Occupancy for WWW on March 31, 2003. Id.; Defts' Statement of Mat. Facts. (Dkt. No. 7, Attach.1) at ¶ 28.

Plaintiff asserts that the imposition of these requirements on her business were different than the requirements imposed on other new businesses and that the difference was due to the sex of her clientele. Complaint (Dkt. No. 1) at 1-2.

C. Constitutional Violation

To successfully establish an equal protection claim, plaintiffs must "show both (1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Harlen Assocs. v. Inc. Vill. of Mineola, 272 F.3d 494, 499 (2d Cir. 2001) (citing LaTrieste Rest. & Cabaret v. Vill. of Port Chester, 40 F.3d 587, 590 (2d Cir. 1994)).

Plaintiff has not met this burden. She has not put forth evidence of any similarly situated persons who were treated differently, nor has she established that her treatment at the hands of Defendants was based on impermissible considerations. Plaintiff has only put forth one person as

3

similarly situated: Scheffer. Complaint (Dkt. No. 1) at ¶¶ 15-18. However, Scheffer, the previous owner, is not similarly situated. He operated an auto repair shop, while Rhodes opened a fitness center, using parts of the building that were not part of the previous owner's certificate of occupancy. Defts' Statement of Facts (Dkt. No. 7, Attach. 1) at ¶ 14, 21; See also Engineer Evaluation (Dkt. No. 7, Attach. 5) (noting, in response to Plaintiffs' request for information, that WWW's use was not covered by the previous certificate of occupancy). Also, while the previous owner ran only one business out of the building, Rhodes and her partners ran several businesses out of the building, which altered building code requirements. See Defts' Statement of Facts (Dkt. No. 7, Attach. 1) at ¶ 3-7, 23; Engineer Evaluation (Dkt. 7, Attach. 5) (noting that Plaintiffs' operation of more than one occupancy in the building violated the N.Y.S. Uniform Fire Prevention and Building Code and would require a variance). The record shows that after Plaintiffs took steps to comply with the town building requirements, Defendants issued a building permit and certificate of occupancy. Defts' Statement of Facts (Dkt. No. 7, Attach. 1) at ¶ 28. Plaintiffs have not contradicted Defendants' assertion that the permit and certification process Plaintiffs was required to complete is a standard requirement for all planning board applications. See id. at ¶ 24. Also, Plaintiffs have not shown that this process was applied to Rhodes or WWW any differently than to others. Accordingly, the equal protection claim cannot succeed.

    D.    Other Defenses

Defendants make several other arguments for the dismissal of Plaintiffs' claims. Defendants argues that Plaintiffs' claim must be dismissed to the extent that it is based on events that took place more than three years before filing, because such claims would be in violation of the applicable statute of limitations. Deft's Mem. of Law (Dkt. No. 7, Attach. 23). Also, Defendants argue that

Scheurzinger is entitled to qualified immunity for his actions and the Town of Kingston cannot be held liable, as Plaintiffs are not able to meet the standard for municipal liability.  Id. at 11-14. However, since the entirety of Plaintiffs' claims are to be dismissed on the merits as discussed above, it is unnecessary to discuss the validity of these additional defenses.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) be **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:       July 25, 2007
             Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge